948 So.2d 445 (2006)
Robert RICHARDSON, Appellant,
v.
AUDUBON INSURANCE COMPANY and Joe Clay Hamilton, as Administrator of the Estate of Willie Mae Dudley, Deceased, Appellees.
No. 2005-CA-01215-COA.
Court of Appeals of Mississippi.
October 3, 2006.
Rehearing Denied February 6, 2007.
*446 Felecia Perkins, attorney for appellant.
Joe Clay Hamilton, Edward J. Currie, Jackson, attorneys for appellees.
Before MYERS, P.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Robert Richardson filed suit against Audubon Insurance Company (Audubon) and Joe Clay Hamilton, in his capacity as the administrator of the Estate of Willie Mae Dudley (the Estate), in the Circuit Court of Lauderdale County, alleging that Audubon wrongfully paid insurance proceeds to the Estate rather than to Richardson. *447 Audubon and Hamilton filed separate motions for summary judgment. The court granted summary judgment in favor of Audubon and Hamilton on the basis that Richardson's action was barred by the doctrine of collateral estoppel. Aggrieved, Richardson appeals. He presents the following issues for this Court's review:
I. The circuit court erred in granting summary judgment to Audubon and Hamilton.
A. The circuit court erred in granting summary judgment based on collateral estoppel.
1. The issue involved in the second suit was not identical to the one involved in the previous suit.
2. The issue was not litigated in the chancery court.
3. Resolution of the issue was not necessary to the judgment in chancery court.
B. The circuit court erred in granting summary judgment because genuine issues of material fact exist which preclude summary judgment.
II. The circuit court erred in granting sanctions of $4,000 to Hamilton pursuant to the Litigation Accountability Act.
Finding no error, we affirm.

FACTS
¶ 2. Willie Mae Dudley owned two pieces of property in Meridian, Mississippi: a house located at 1523 Ninth Avenue, and a house located at 1802 Sixteenth Avenue. On November 18, 2000, Dudley died intestate, leaving behind no surviving spouse or children.
¶ 3. On December 5, 2000, the Chancery Court of Lauderdale County appointed Richardson, one of Dudley's many heirs, as administrator of the Estate. Richardson retained attorney Hamilton to represent the Estate. On October 20, 2001, Richardson took out an Audubon fire insurance policy on the property located at 1523 Ninth Avenue. The policy listed the named insured as "Est. Of Willie Mae Dudley o/o Robert Richardson."[1] On June 21, 2002, after Richardson failed to file an annual accounting and failed to appear in court, the chancery court entered an order removing Richardson as the administrator of the Estate and appointing Hamilton as administrator in his stead.
¶ 4. After Hamilton was appointed administrator of the Estate, he filed numerous complaints and/or motions against Richardson in the Chancery Court of Lauderdale County to enjoin him from interfering with the administration of the Estate. In the first complaint, filed on February 5, 2003, Hamilton sought to recover from Richardson rental payments for the two houses owned by the Estate. Hamilton asserted that the Estate had not received rental payments from the tenants of the two houses because Richardson had been collecting and keeping the money. On April 15, 2003, the chancery court entered a judgment ordering Richardson to pay Hamilton rental payments on behalf of the Estate in the amount of $450.
¶ 5. Hamilton filed a second complaint to enjoin Richardson on June 20, 2003, asserting that he needed a key in order to have the property appraised, but that Richardson had been "totally uncooperative." Consequently, Hamilton requested that the court order Richardson to turn over his keys to the property and enjoin *448 him from entering the property. On July 18, 2003, the chancery court granted Hamilton's request as to both houses, finding that Richardson's actions interfered with the efforts of Hamilton to serve as administrator.
¶ 6. On September 4, 2003, Hamilton filed a motion asserting that one of the properties owned by the Estate had burned, but that the Estate had not received the insurance proceeds.[2] Hamilton further asserted that the insurance company issued a check in the amount of $30,000 (payable to "Robert Richardson, Joe Clay Hamilton, and the Estate of Willie Mae Dudley") and mailed it to Richardson. On October 3, 2003, the court entered an order approving Hamilton's motion and ordering that the proceeds from the claim against Audubon be paid to Hamilton in his capacity as administrator of the Estate. The order was signed by the chancellor, Hamilton, and Richardson's attorney, Leonard B. Cobb.
¶ 7. On April 6, 2004, Hamilton filed a third complaint asserting that Richardson had interfered with the administration of the Estate by: (1) collecting and retaining rent from property of the Estate, (2) making numerous telephone calls to Hamilton's office claiming that he, Richardson, was the owner of all of the property of the Estate, and (3) occupying the property Hamilton was attempting to sell on behalf of the Estate. On May 12, 2004, the chancery court entered an agreed order requiring Richardson to turn over all keys to the house located at 1802 Sixteenth Avenue, to refrain from entering the property, and to stop contacting Hamilton, except through his attorney, Felecia Perkins.[3]
¶ 8. Hamilton filed a final accounting and complaint to close the Estate on September 13, 2004, and on October 4, 2004, Richardson filed a response. On January 28, 2005, the chancery court entered a judgment finding that the $30,000 of Audubon insurance proceeds were assets of the Estate. The court further found that Richardson "failed to offer any evidence relevant to claims or expenses that he incurred or paid for the estate after the death of [Dudley]." Thus, the court approved Hamilton's final accounting and denied Richardson's request for the payment and/or reimbursement of funds from the Estate.
¶ 9. On January 7, 2005, Richardson filed suit against Audubon and Hamilton in the Circuit Court of Lauderdale County alleging that Audubon had wrongfully and maliciously failed to honor the terms of the insurance policy by refusing to pay him insurance proceeds in the amount of $30,000. Richardson further alleged that Hamilton unlawfully exercised dominion over the insurance proceeds and that his actions constituted tortious interference with business relations and negligent misrepresentation. Richardson also asserted that Audubon and Hamilton were liable for compensatory and punitive damages on the following grounds: breach of contract, breach of fiduciary duty, negligence and gross negligence, misrepresentation and fraud, and failure to reasonably investigate.
¶ 10. On March 10, 2005, Hamilton filed a motion for summary judgment asserting that the amount paid to him by Audubon as administrator of the Estate was paid *449 pursuant to the order of the Chancery Clerk of Lauderdale County. Hamilton attached a copy of the chancery court order to the motion for summary judgment. Hamilton further asserted that all of the matters alleged by Richardson were dispensed with in a judgment entered by the chancery court on January 28, 2005.
¶ 11. On March 28, 2005, Audubon filed a motion for summary judgment asserting that the property insured by Audubon belonged to the Estate, and that, according to an order entered by the Chancery Court of Lauderdale County on November 28, 2001, thirty-three heirs of the Estate, including Richardson, owned an undivided interest in the property. Audubon further asserted that, on October 3, 2003, the chancery court ordered the insurance proceeds to be paid to Hamilton, as administrator of the Estate. The chancery court also entered a judgment on January 28, 2005, finding that Richardson was not entitled to payment from the Estate assets due to his interference with the administration of the Estate, and that he was not entitled to payment from the insurance proceeds. Based on these prior judgments of the chancery court, Audubon argued that it was entitled to summary judgment because Richardson's claims were barred by the doctrine of collateral estoppel.
¶ 12. On May 2, 2005, the circuit court granted both motions for summary judgment. The court also granted Hamilton's motion for sanctions, ordering Richardson and Perkins to pay Hamilton the sum of $4,000. Aggrieved, Richardson appeals.

ISSUES AND ANALYSIS
I. The circuit court erred in granting summary judgment to Audubon and Hamilton.
A. The circuit court erred in granting summary judgment based on collateral estoppel.
1. The issue involved in the second suit was not identical to the one involved in the previous suit.
2. The issue was not litigated in the chancery court.
3. Resolution of the issue was not necessary to the judgment in chancery court.
B. The circuit court erred in granting summary judgment because genuine issues of material fact exist which preclude summary judgment.
¶ 13. An appeal from summary judgment is reviewed de novo. Jacox v. Circus Circus Miss., Inc., 908 So.2d 181, 183(¶ 4) (Miss.Ct.App.2005) (citing Cossitt v. Alfa Ins. Corp., 726 So.2d 132, 136(¶ 19) (Miss. 1998)). The standard by which we review the grant or denial of summary judgment is the same standard as is employed by the trial court under Rule 56(c) of the Mississippi Rules of Civil Procedure. Id. (citing Dailey v. Methodist Med. Ctr., 790 So.2d 903, 906-07(¶ 3) (Miss.Ct.App.2001)). Pursuant to Rule 56(c) of the Mississippi Rules of Civil Procedure, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." The evidence must be viewed in the light most favorable to the nonmoving party. Jacox, 908 So.2d at 184(¶ 4) (citing Dailey, 790 So.2d at 907).
¶ 14. Under this assignment of error, Richardson contends that summary judgment was not appropriate because the elements of collateral estoppel were not present in the court below. Collateral estoppel precludes parties from relitigating issues that are actually litigated, determined by, and essential to the judgment in a former action, even though a different *450 cause of action is the subject of the subsequent action. Hollis v. Hollis, 650 So.2d 1371, 1377 (Miss.1995) (citing Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss.1982)). In order for collateral estoppel to apply, the parties and their capacities must be the same from one suit to the next. Id. (citing State ex rel. Moore v. Molpus, 578 So.2d 624, 640 (Miss. 1991)).
¶ 15. Richardson argues that, prior to the entry of the January 28, 2005 order, a petition to set aside had been filed, which prevented the chancery matter from being fully and finally adjudicated. Richardson next asserts that the issue involved in the case sub judice is not identical to the issue addressed in the chancery court. Finally, Richardson asserts that resolution of the circuit court issue was essential to the chancery court judgment. We disagree.
¶ 16. On October 3, 2003, the chancery court entered an agreed order directing that the proceeds from the claim against Audubon be paid to Hamilton in his capacity as administrator of the Estate. The order was signed by the chancellor, Hamilton, and Cobb, Richardson's attorney. We find that the specific issue presented in the circuit court litigation, i.e., the rightful recipient of the insurance proceeds, was resolved in chancery court. Moreover, the parties in the case sub judice are identical to the parties in the chancery court litigation. Consequently, we find that the court below did not err in granting the motions for summary judgment. This issue is without merit.
II. The circuit court erred in granting sanctions of $4,000 to Hamilton pursuant to the Litigation Accountability Act.
¶ 17. When reviewing an award of sanctions under the Litigation Accountability Act, we are limited to a consideration of whether the trial court abused its discretion. Foster v. Ross, 804 So.2d 1018, 1022(¶ 13) (Miss.2002) (citing Scruggs v. Saterfiel, 693 So.2d 924, 927 (Miss.1997)). Mississippi Code Annotated section 11-55-5(1) of the Litigation Accountability Act of 1988 provides in part that a court shall award:
reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment.
Furthermore, Mississippi Code Annotated section 11-55-3(a) provides that a claim "without substantial justification" is a claim that is "frivolous, groundless in fact or in law, or vexatious, as determined by the court." Pursuant to the Litigation Accountability Act, as well as Rule 11 of the Mississippi Rules of Civil Procedure, a claim is frivolous when the claimant has no hope of success. Leaf River Forest Prods. v. Deakle, 661 So.2d 188, 196-97 (Miss. 1995) (quoting Smith v. Malouf, 597 So.2d 1299, 1303 (Miss.1992)).
¶ 18. Richardson asserts that his complaint against Audubon and Hamilton could not be considered frivolous because Audubon had a valid contractual obligation to its insured, i.e., Richardson. Interestingly, in his brief to this court, Richardson also admits that his complaint was filed in bad faith, stating that "[a]rmed with the convictions of one individual, a valid contract, lack of any evidence of assent by the individual to actions adverse to his interest, and the truth, the bad faith complaint was filed against Audubon and Hamilton to right a wrong that had transpired." Despite this admission, Richardson further *451 argues that the imposition of sanctions was not justified because there was no evidence of intent or willful neglect.
¶ 19. In his ruling from the bench, the circuit court judge found that Richardson's claim had no hope of success because the rightful recipient of the insurance proceeds had been determined by an agreed order in October of 2003. The October 2003 agreed order, which was signed by Richardson's former attorney, Cobb, directed Audubon to pay the insurance proceeds to the Estate. Additionally, the judge discussed a letter that Perkins introduced into evidence. In the letter, Cobb informed Perkins that Richardson fully authorized him to sign the agreed order. Because Perkins "obviously knew" about the foregoing evidence, the judge found that Richardson's suit against Audubon and Hamilton was frivolous and awarded Hamilton $4,000 to compensate for the twenty hours he spent defending the lawsuit.
¶ 20. As previously discussed, we find that Richardson's claim was clearly barred by the doctrine of collateral estoppel. Furthermore, regarding Richardson's claim that he filed a "bad faith complaint" in order to right a wrong, we note the circuit court judge's admonition, in his ruling from the bench, that "[i]f a party is dissatisfied with that decision then they appeal the Chancellor's ruling to the State Supreme Court." The judge went on to explain that, in such a situation, a party "[does] not institute a bad faith lawsuit against the insurance company and the estate." We agree. Consequently, we find that the circuit court did not abuse its discretion in granting Hamilton's motion for sanctions. This issue is without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, AND BARNES, JJ., CONCUR. GRIFFIS, AND ROBERTS, JJ., NOT PARTICIPATING.
NOTES
[1] On April 4, 2003, Richardson filed a report and accounting covering October 20, 2000 through February 15, 2003. In the report, Richardson listed three premiums payments to Audubon and labeled them as financial expenditures for the Estate.
[2] The house located at 1523 Ninth Avenue burned on July 1, 2003. Even though Richardson was no longer administrator of the Estate, he renewed the Audubon insurance policy for the property on July 3, 2002. A claim for coverage was subsequently submitted to Audubon.
[3] Cobb withdrew as Richardson's attorney on October 28, 2003.