ISHEE, J.,
 

 for the Court:
 

 ¶ 1. In 2008, Harry and Jean Studdard (the Studdards) filed suit against Bob Pitts in the Chancery Court of Warren County seeking to remove a cloud and confirm the title of real property — property which had previously been conveyed to Pitts. On July 9, 2009, the chancery court entered a final judgment finding that the Studdards’ claims were barred by the doctrine of res judicata because the claims had been adjudicated previously in the United States Bankruptcy Court in favor of Pitts. Aggrieved, the Studdards now appeal. Finding no error, we affirm the chancery court’s judgment.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 1998, Harry Studdard executed a promissory note to Pitts in exchange for a piece of property in Warren County, Mississippi. After failing to pay the promissory note, Pitts filed suit against the Stud-dards in Warren County Circuit Court. In 2001, a final judgment was entered in favor of Pitts in the amount lacking on the promissory note. The judgment was then levied and executed against the property in question.
 

 ¶ 3. Thereafter, in 2005, a writ of execution was issued to the Warren County Sheriffs Department, authorizing the sheriff to levy the property. The sheriff levied the property and published a notice of “sheriffs sale under execution.” At the sheriffs sale, Pitts entered a successful bid for approximately the same amount he had received in the 2001 judgment, and the property was subsequently conveyed to him.
 

 ¶ 4. Several months after receiving the property, Pitts began an eviction proceeding against the Studdards, at which point the Studdards filed for voluntary Chapter 7 bankruptcy. Before the bankruptcy proceedings could conclude, the Studdards filed a complaint in bankruptcy court seeking to void the sheriffs sale of the property in question to Pitts on the basis that the property conveyance had occurred within ninety days before the Studdards filed for bankruptcy, which they claimed was improper under bankruptcy law. The bankruptcy court, however, dismissed the Stud-dards’ complaint in 2007 after finding that the transfer was proper and had occurred well before the ninety-day period in question. The bankruptcy proceedings were subsequently closed on October 1, 2007.
 

 ¶ 5. In 2008, the Studdards filed the complaint at issue in the Warren County Chancery Court, seeking to remove cloud and confirm the title of the property in question in their name. The Studdards argued that the property should have been classified as a homestead exemption in the bankruptcy proceedings and, therefore, protected from conveyance. After a trial on the matter, the chancery court entered a final judgment in July 2009, finding that the Studdards’ claims had already been adjudicated and were, therefore, barred by
 
 *1162
 
 the doctrine of res judicata. The Stud-dards appeal and maintain that conveyance of the property was improper.
 

 DISCUSSION
 

 ¶ 6. The standard of review of a “chancery court’s order to dismiss an action is the substantial evidence/manifest error standard.”
 
 Hearn v. Autumn Woods Office Park Prop. Owners Ass’n,
 
 757 So.2d 155, 163 (¶ 39) (Miss.1999). The Mississippi Supreme Court has long held that when a party fails to assert his or her homestead exemption and the party’s property rights are then fully adjudicated, that party cannot afterwards claim the property as a homestead exemption in an effort to defeat a purchaser claiming title to the property under a decree of sale.
 
 Henderson v. Still,
 
 61 Miss. 391 (1883).
 

 ¶ 7. Here, the Studdards failed to raise a homestead-exemption claim on the property until several years after the property was conveyed to Pitts. The Studdards were represented by counsel and participated in the 1998 circuit court case wherein judgment was entered against them in the form of a levy on the property. Thereafter, in 2005, they were further notified that a writ of execution was posted on the property and that the sheriff was proceeding with the sale of the property. Finally, they filed a complaint in bankruptcy court in 2006 which specifically attacked the conveyance of the property in question, and the bankruptcy court entered a final judgment on August 2, 2007, determining that conveyance of the property to Pitts was valid. However, at no point during any of the aforementioned proceedings did the Studdards attempt to claim the property as a homestead exemption. It was not until July 30, 2008, well after them property rights had been adjudicated on numerous occasions and by several different courts, that the Studdards presented their homestead-exemption argument. Accordingly, conveyance of the property to Pitts in the sheriffs sale was proper.
 

 ¶ 8. Furthermore, where a final judgment on the merits has been entered, subsequent claims by parties or their privies based on the same cause of action are barred by the doctrine of res judicata.
 
 Williams v. Vintage Petroleum, Inc.,
 
 825 So.2d 685, 688 (¶10) (Miss.Ct.App.2002). The following four factors determine whether res judicata applies: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person for or against whom the claim is made.”
 
 Id.
 

 ¶ 9. In this case, a final judgment was entered in 2007 with regard to the Stud-dards’ 2006 complaint regarding conveyance of the property to Pitts. The subject matter involved in both the 2006 complaint and the instant case was the property in question. Next, the identity of a cause of action is found where there is a commonality among the “underlying facts and circumstances upon which the present claim is asserted and relief sought.”
 
 Riley v. Moreland,
 
 537 So.2d 1348, 1354 (Miss.1989). Here, the same set of facts and circumstances exist in both the 2006 complaint and the present case — the Stud-dards challenge of the conveyance of the property. Finally, it is clear that the identity of the parties and the identity of the person against whom the claim is made is the same in both cases. Accordingly, we find that dismissal of the Studdards’ case on the basis of res judicata was proper, and we affirm the chancery court’s judgment.
 

 ¶10. THE JUDGMENT OF THE WARREN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS
 
 *1163
 
 OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND MYERS, J., NOT PARTICIPATING.