ROBERTS, J.,
for the Court:
¶ 1. This appeal stems from the Holmes County Chancery Court’s October 11, 2010 opinion removing a cloud on title to the disputed property in favor of Charles Moore, Roman Moore, Amelia Pugh, Jimmy Moore, Beulah Yates, Paul Joseph Moore, Otto Moore, Travis Moore, David Moore, Douglas Moore, and Richard Moore (the Moores). The chancery court further found that Mary Fisher Rodgers had failed to prove she was entitled to the disputed property through adverse possession. Feeling aggrieved, Rodgers filed the current appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. On November 29, 2004, Jimmy Moore, Douglas Moore, and Beulah Moore Yates filed a complaint in the chancery court seeking to remove a cloud from their title to certain property located in Holmes County, Mississippi. The complaint named Rodgers as a defendant. Rodgers owns the property immediately west of the disputed property. In their complaint, Jimmy, Douglas, and Beulah claimed Rodgers cut timber from the property, and had constructed a fence on the property, depriving them of 2.9 acres. They describe their property as follows:
Part of the SW 1/4 of the SW 1/4 lying South of a public road, Section 13, Township 14 North, Range 1 East, Holmes County, Mississippi and part of the W 1/2 of the NW 1/4, Section 24, Township 14 North, Range 1 East, Holmes County, Mississippi and being particularly described as follows, to wit: SHARE NO. 2 of the F.E. Hocutt partition described as Beginning at the Southwest corner of the Northwest 1/4, Section 24, Township 14 North, Range 1 East; thence East 11 chains; then North 9 chains; thence West 2 chains thence North 16 chains; thence East 6 chains thence North 10.08 chains to center of public road; thence Southwesterly along said public road South 29 degrees 57 minutes West 5.83 chains; South 50 degrees 55 minutes West 3.09 chains; South 89 degrees 5 minutes West 6.76 chains; South 77 degrees West 2.98 chains to the West line of Section 13; thence South 27.30 chains to the POINT OF BEGINNING and close and being 30.8 acres, more or less and being 11 acres in Section 13 and 19.8 acres in Section 24 Township 14 North, Range 1 East; and being the land devised to Sadie Hocutt by F.E. Hocutt, Jr. by will recorded in Will Book 7, page 569 of the Holmes County Records.
¶ 3. The case continued until April 27, 2006, when the chancery court, on its own motion, dismissed the case without prejudice pursuant to Mississippi Rule of Civil Procedure 41(b). According to the briefs, plaintiffs filed a motion to reconsider the dismissal with the chancery court. The chancery court entered an order on March 8, 2007, denying the motion to reconsider. It appears that the last record owner of the land described above was W.G. Moore. W.G. Moore was deceased, and his heirs had not yet been determined. The chancery court’s dismissal of the ease was based on the plaintiffs’ failure to show they were the sole heirs of W.G. Moore. Shortly after the dismissal, the plaintiffs filed a petition for a determination of heirship in the chancery court. On August 29, 2006, a *192 judgment in civil action file number 2006-0102 was entered adjudicating the original plaintiffs and the other children of W.G. Moore to be the sole heirs of W.G. Moore, their father.[1] After having heirship determined, the Moores filed the second complaint to remove a cloud from title on August 30, 2007. It is this second complaint that is primarily at issue on appeal.
¶ 4. Rodgers was served with summons and a copy of the complaint on January 11, 2008. She sent a letter to the Moores’ attorney and the chancery court later that month simply stating that the case should be withdrawn because the ten-year statute of limitations had run. In her letter she claimed she had erected a fence to include the disputed property in spring of 1996 which was almost twelve years prior to the date of the letter; thus, it was past the time in which suit could be brought. A status conference was held on August 26, 2008, where Rodgers attempted to proceed pro se. The chancery court instructed Rodgers to obtain counsel and be prepared for trial, which was set for September 29, 2008. At trial, Rodgers again appeared without counsel and indicated she wanted to represent herself. Rodgers unsuccessfully argued that the case should be dismissed, but the case was continued until March 23, 2009.
¶ 5. Rodgers, through her attorney, filed an answer on March 20, 2009, to the January 11, 2008 complaint. In addition to her previous argument that the statute of limitations had run on the claim, Rodgers submitted that the Moores failed to state a claim upon which relief could be granted. She also alleged that an indispensable party was not joined, and the case should be dismissed pursuant to Mississippi Rule of Civil Procedure 12(b)(7). Lastly, she argued that she had acquired title to the property through adverse possession. She also filed a counterclaim in which she again claimed acquisition of the property through adverse possession and that the Moores trespassed on her property. A hearing was held on March 23, 2009, where Rodgers made an oral motion to dismiss based on the statute of limitations, res judicata, and collateral estoppel. The latter two were raised for the first time in the oral motion. Rodgers also sought leave to amend her March 20, 2009 answer; the chancery court granted Rodgers ten days to amend her answer and twenty days for the parties to submit briefs. A month later, Rodgers finally filed her amended answer to add the defenses of res judicata, collateral estoppel, and the doctrine of laches. She also added that the statute of limitations governing Mississippi Code Annotated section 15-1-41 (Rev. 2003) and Mississippi Code Annotated section 95-5-10 (Rev.2004) had run on the case. Rodgers amended her counterclaim to add claims of trespass and tortious interference with business relations. The Moores responded to Rodgers’s counterclaim on May 19, 2009. Then, on October 29, 2009, the chancery court issued an order vacating Rodgers’ leave to amend and disallowing her from raising the defenses of statute of limitations, res judica-ta, and collateral estoppel. After Rodgers filed a motion to reconsider, the chancery court denied the motion, but allowed her to raise statute of limitations, res judicata, and collateral estoppel at trial.
¶ 6. Trial finally began on August 3, 2010. At trial, the following people testified: Beulah Yates, Jimmy Moore, Richard Moore, Rodgers, and Kenneth Reece, the Moores’ surveyor. After hearing the con- *193 Aiding testimony, the chancery court issued its opinion and judgment on October 11, 2010. In its opinion, the chancery court noted that Rodgers had “failed to meet the burden of proof necessary to establish her claim for relief as to any of her [counterclaims].” The chancery court also explained that Rodgers’s claims that the doctrines of res judicata and collateral estoppel barred the current suit were inaccurate because “[t]hese doctrines were never triggered in this case.” Ultimately, the chancery court removed the cloud on the title of the disputed property and found the Moores to be the record title owners of the disputed property. It further found that Rodgers did not acquire title by adverse possession. Rodgers was also required to remove the fence she had erected.
¶ 7. On appeal, Rodgers argues that the chancery court abused its discretion in denying her motion to dismiss, rejecting her arguments that were based on res judica-ta, collateral estoppel, the doctrine of lach-es, and the statute of limitations. Rodgers also argues that the chancery court erred by finding she did not establish title to the property by adverse possession.
STANDARD OF REVIEW
¶ 8. It is well settled that this Court “applies a limited standard of review on appeals from chancery court.” Tucker v. Prisock, 791 So.2d 190, 192 (¶ 10) (Miss.2001) (citing Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997)). The chancery court’s factual findings will not be disturbed if they are “supported by substantial evidence unless we can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong [or] clearly erroneous[,] or applied an erroneous legal standard.” Biglane v. Under the Hill Corp., 949 So.2d 9, 13-14 (¶ 17) (Miss.2007) (quoting Cummings v. Benderman, 681 So.2d 97, 100 (Miss.1996)). Questions of law receive a de novo review. Id. at 14 (¶ 17).
ANALYSIS
¶ 9. Rodgers claims the chancery court erred by denying her motion to dismiss. Her arguments, which we will address in turn, relate to res judicata, collateral es-toppel, the doctrine of laches, and statute of limitations. Rodgers further argues the chancery court erred by rejecting her claim that she acquired the property by adverse possession.
I. Res Judicata
¶ 10. Rodgers first asserts that the chancery court erred in finding that the doetrine of res judicata was not triggered in the current case. The doctrine of res judicata requires the presence of four identities before it is applicable, and the absence of any of the identities is “fatal to the defense of res judicata.” Hill v. Carroll Cnty., 17 So.3d 1081, 1085 (¶ 10) (Miss.2009) (citations omitted). The four identi ties are as follows: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.” Id. (citing Harrison v. Chandler-Sampson Insurance, Inc., 891 So.2d 224, 232 (¶ 24) (Miss.2005)). Additionally, a fifth requirement is that there must be a final judgment adjudicated on the merits. See Harrison, 891 So.2d at 232 (¶ 22); Beene v. Ferguson Auto., Inc., 37 So.3d 695, 698 (¶ 7) (Miss.Ct.App.2010). If these five things are established, then res judicata bars any claims that were brought in the prior action or could have been brought in the prior action. Hill, 17 So.3d at 1084-85 (¶¶ 9-10).
*194 ¶ 11. Rodgers submits that the four identities are present. She also claims that the chancery court’s dismissal of the case filed in 2004 without prejudice was a final judgment on the merits. According to Rodgers, the plaintiffs in the first suit failed to show ownership of the property, thereby failing to establish superior title. We agree with Rodgers’ contention that the first, second, and fourth identities are present; however, we do not find that the third and fifth identities are necessarily present. The first identity is met because the subject matter of both suits was to remove a cloud on the title of a specific piece of land. The second is the identity of a cause of action. This “is found where there is a commonality among the ‘underlying facts and circumstances upon which the present claim is asserted and relief sought.’ ” Studdard v. Pitts, 72 So.3d 1160, 1162 (¶ 9) (Miss.Ct.App.2011) (quoting Riley v. Moreland, 537 So.2d 1348, 1354 (Miss.1989)). The causes of action in both cases are the same. Fourth is the quality of the persons against whom the claim is made, which are also the same.
¶ 12. In dispute are the third identity and the fifth requirement. The third identity is whether the parties in both actions are the same or are in privity with the original parties. See Little v. V & G Welding Supply, Inc., 704 So.2d 1336, 1339 (¶ 15) (Miss.1997); Williams v. Vintage Petroleum, Inc., 825 So.2d 685, 689 (¶ 17) (Miss.Ct.App.2002). It is clear that the original parties to the suit are also parties in the second suit. However, the second suit contains several additional parties not in the original suit. What is unclear from the record is whether these additional parties were in privity with the original parties; nonetheless, the determination of this identity is not dispositive, as the fifth requirement is clearly not met.
¶ 13. The fifth requirement is that there has been a final adjudication on the merits in the original suit. We do not agree with Rodgers’s claim that the chancery court’s dismissal without prejudice of the 2004 case was an adjudication on the merits. In its October 11, 2010 opinion, the chancery court stated that the original case was dismissed “without ruling on any of the issues brought by either party[.]” In Williams, 825 So.2d at 688 (¶ 12) (citing Stewart v. Guar. Bank & Trust Co. of Belzoni, 596 So.2d 870, 872-73 (Miss.1992)), this Court stated: “A voluntary dismissal taken without prejudice is not an adjudication on the merits and does not operate as res judicata in subsequent suits.” See also Ladnier v. City of Biloxi, 749 So.2d 139, 156 (¶ 69) (Miss.Ct.App.1999). The chancery court’s dismissal of the 2004 case without prejudice was not an adjudication on the merits. The dismissal was on the ground that the “pleadings did not establish the [pjlaintiffs as the proper parties to the litigation.” No issue involving the ownership of the disputed property was addressed by the chancery court; therefore, the chancery court was correct in finding that res judicata did not bar the second suit.
¶ 14. This issue is without merit.
II. Collateral Estoppel
¶ 15. Rodgers next claims that the chancery court erred in finding that collateral estoppel was not applicable. “Collateral estoppel precludes parties from relitigating issues that [were] actually litigated, [and that were] determined by, and essential to[,] the judgment in a former action, even though a different cause of action is the subject of the subsequent action.” Rest, of Hattiesburg, LLC v. Hotel & Rest. Supply, Inc., 84 So.3d 32, 45 (¶ 49) (Miss.Ct.App.2012) (quoting Richardson v. Audubon Ins. Co., 948 So.2d 445, *195 449-50 (¶ 14) (Miss.Ct.App.2006)). The Mississippi Supreme Court has held that a party will be precluded from relitigating an issue if it was: “(1) actually litigated in the former action; (2) determined by the former action; and (8) essential to the judgment in the former action.” Estate of Burgess ex rel. Burgess v. Trotter, 6 So.3d 1109, 1120 (¶ 41) (Miss.Ct.App.2008) (quoting In re Estate of Stutts v. Stutts, 529 So.2d 177, 179 (Miss.1988)).
¶ 16. Because we find that no issues were actually litigated or determined in the previous case and there was not a final judgment on the merits, it follows that, like res judicata, collateral estoppel does not act as a bar to the current case. The chancery court did not err in finding that collateral estoppel was inapplicable. This issue is without merit.
III. Doctrine of Laches
¶ 17. The doctrine of laches seeks to prevent someone from pursuing a claim “after an inordinate and unjustified delay that works to the disadvantage of the responding party.” Miss. Dep’t of Pub. Safety v. Johnson, 66 So.3d 703, 709 (¶ 16) (Miss.Ct.App.2011) (quoting Aron v. Reid, 850 So.2d 108, 113 (¶ 20) (Miss.Ct.App.2002)). For the doctrine of laches to apply, the party asserting the defense must show “(1) delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.” Id. (quoting Nicholas v. Nicholas, 841 So.2d 1208, 1212 (¶ 13) (Miss.Ct.App.2003)).
¶ 18. Rodgers argues that the chancery court erred because it “should have applied the doctrine of laches and dismissed the plaintiffs’ claim as it was not brought within the applicable statute of limitations.” She argued this issue in her answer and briefly in her motions for a directed verdict at trial. However, the chancery court never addressed the applicability of the doctrine at trial or in its opinion and final judgment. The supreme court faced a similar situation in Allgood v. Allgood, 473 So.2d 416, 423 (Miss.1985), where Aletha Allgood pled the doctrine of laches; however, the issue was never litigated or decided at the trial-court level. In her appeal, she alleged the doctrine of laches should have barred the case. The supreme court stated: “There is nothing in the record suggesting that the trial judge was requested to make findings of fact or enter conclusions of law regarding the laches plea, ... and ... the point is mentioned neither in the circuit judge’s memorandum opinion ... nor his final judgment....” Id.
¶ 19. The same occurred in the present case. There is nothing in the record before us to demonstrate that Rodgers requested the chancery court rule on the doctrine of laches after the final judgment and opinion were entered. In Allgood, the supreme court further elaborated that “it is incumbent upon a litigant that he not only plead but press his point in the trial court.” Id. Because we find that Rodgers failed to have the chancery court rule on this issue, we decline to address it.
IV. Statute of Limitations
¶ 20. Rodgers next argues that the statute of limitations barred the Moores’ second complaint to remove cloud on title. She claims that in the spring of 1996, she erected the fence on the disputed land; therefore, the Moores had until 2006 to file their suit before the statute of limitations had run. Rodgers raised this issue at trial, and the chancery court found that since Rodgers had failed to provide the exact date she erected the fence, “[the chancery court] was unable to ascertain when the statute of limitations began to *196 run ... [or] whether the statute of limitations had expire[d].”
¶21. Mississippi Code Annotated section 15-1-7 (Rev.2003) provides the statute of limitations in actions to recover land. Section 15-1-7 provides that a suit to recover land must be brought within ten years from when the right to bring suit first accrued. In addition, Mississippi Code Annotated section 15-1-69 (Rev. 2003) provides that “a new action for the same cause” may be brought within one year if the action originally commenced within the statute of limitations and was, among other things, “avoided or defeated ... for any matter of form[.]”
¶22. We find the Moores’ argument that the savings statute found in section 15-1-69 provided them an additional year within which to file a new action is persuasive. As we stated above, the dismissal without prejudice of the first case was not an adjudication of the merits, but it was a dismissal based on a matter of form. The Moores brought their second case on August 30, 2007, which was within one year from March 8, 2007, the date the chancery court denied their post-trial motion for reconsideration in the original case. Section 15-1-69 provides the Moores with the right to bring the same cause of action within one year of its dismissal if the dismissal was based on a matter of form. The Moores properly filed the second case within one year as required.
¶ 23. Therefore, this issue is without merit.
V. Adverse Possession
¶ 24. A claim of adverse possession requires proof that the possession of the disputed property was (1) under a claim of ownership; (2) hostile; (3) open, notorious, and visible; (4) continuous and uninterrupted for a period of ten years; (5) exclusive; and (6) peaceful. Biddix v. McConnell, 911 So.2d 468, 475 (¶ 18) (Miss.2005) (citing Sharp v. White, 749 So.2d 41, 42 (¶ 7) (Miss.1999)). If any element cannot be proven by clear and convincing evidence, a claim for adverse possession fails. See West v. Brewer, 579 So.2d 1261, 1262 (Miss.1991).
¶ 25. The chancery court found that Rodgers did not prove all the elements of adverse possession; therefore, her claim to the disputed property failed. Specifically, the chancery court found that Rodgers failed to prove her possession was continuous and uninterrupted for ten years since she could not establish the exact date the fence was erected in 1996. Based upon our review of the record, we do not find that the chancery court erred.
¶ 26. Additionally, in Rice v. Pritchard, 611 So.2d 869, 873 (Miss.1992) (quoting Bd. of Educ. of Itawamba Cnty. v. Loague, 405 So.2d 122, 126 (Miss.1981)), the supreme court held that “a party must do something more than merely verbally protest; there must be a physical interruption or a court proceeding or some unequivocable act of ownership which interrupts the exercise of the right claimed and being used by the opposite parties.” (Emphasis added). The Moores initially filed suit in November of 2004, well before the possible ten-year period required by the statute had been satisfied. This 2004 case effectively interrupted Rodgers’s claim of adverse possession before it ripened.
¶ 27. This issue is without merit.
¶ 28. THE JUDGMENT OF THE CHANCERY COURT OF HOLMES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. *197 BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The original plaintiffs and the other children of W.G. Moore constituting his sole heirs are referred to in this opinion as the Moores. The other children became parties in the second case.