# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00348-COA

**JULIET LAWSON JOWETT**                                          **APPELLANT**

**v.**

**SMBD, INC. AND RICHARD F. SCRUGGS**                            **APPELLEES**

DATE OF JUDGMENT:            02/28/2020
TRIAL JUDGE:                 HON. MICHAEL H. WARD
COURT FROM WHICH APPEALED:   JACKSON COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:      JULIET LAWSON JOWETT (PRO SE)
ATTORNEYS FOR APPELLEES:     J. CAL MAYO JR.
                             SARAH KATHERINE EMBRY
NATURE OF THE CASE:          CIVIL - CONTRACT
DISPOSITION:                 AFFIRMED - 01/11/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., McDONALD AND EMFINGER, JJ.

### WILSON, P.J., FOR THE COURT:

¶1.     It's déjà vu all over again.

¶2.     In 1999, Juliet Lawson Jowett sued her former law partner Richard "Dickie" Scruggs and his law firm, alleging that she was never properly expelled as a shareholder of the firm and that she was owed additional compensation for undistributed income and the value of her shares. A chancellor awarded her about $420,000 for undistributed income and the value of her shares, and this Court affirmed the judgment on appeal. *Jowett v. Scruggs*, 901 So. 2d 638, 639 (¶1) (Miss. Ct. App. 2004), *cert. denied*, 901 So. 2d 1273 (Miss. 2005).

¶3.     In 2014, Jowett sued Scruggs and his firm again, this time alleging that she was owed

a percentage of the proceeds of certain settlements negotiated by the firm. The chancery court held that Jowett's new claims were barred by the doctrine of res judicata and dismissed her complaint. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶4.　　Jowett began working for Scruggs in 1989. In 1994, Jowett, Scruggs, and others formed the law firm of Scruggs, Millette, Lawson, Bozeman & Dent, P.A. ("SMLBD"). Jowett was the "Lawson" in the firm and owned eight percent of the shares. During her time at the law firm, Jowett worked primarily on occupational hearing loss cases and later also worked on hand-arm vibration cases (collectively, "OHL/HAVS cases"). In 1997, Jowett and Scruggs executed a new employment agreement ("the Agreement"). The Agreement "creat[ed] a new relationship between the firm and Jowett in contemplation of her permanent departure." *Jowett*, 901 So. 2d at 641 (¶13). Under the Agreement, SMLBD agreed to pay Jowett a $100,000 annual salary, $110,360 cash, a possible discretionary bonus, one-third of the net fees that SMLBD received for occupational hearing loss cases, and $3,000 per month for rent and supplies for an office in Ocean Springs. *Id.* at 639 (¶4). Jowett then opened an office in Ocean Springs under the name Juliet Jowett, P.A. *Id.* at (¶5). Jowett kept all fees from her new firm and did no further work for SMLBD, but she continued to receive her salary and other payments from SMLBD. *Id.* In February 1998, Scruggs sent Jowett a letter notifying her that she would be terminated sixty days from the date of the letter. *Id.* at 639-40 (¶5). The firm ratified Jowett's termination in October 1999. *Id.* at 640 (¶5). Following Jowett's termination, the firm became known as Scruggs, Millette, Bozeman & Dent, P.A.,

and is now known as SMBD, Inc. ("SMBD").

¶5.     In January 1999, Jowett sued Scruggs and the firm in the Chancery Court of Jackson County.  After a trial, the chancery court awarded Jowett $184,156 for income owed under the 1997 Agreement and $234,053.84 for the value of her shares of stock in the firm.  Jowett appealed, arguing that "the chancellor incorrectly determined the date that she ceased to be a shareholder, incorrectly determined the value of her shares, erred in finding no breach of fiduciary duty by other firm members, and improperly denied her punitive damages and her attorney's fees." *Id.* at 639 (¶1).  This Court affirmed, *id.*, and the Mississippi Supreme Court denied Jowett's petition for writ of certiorari.  *Jowett*, 901 So. 2d at 1273.

¶6.     In July 2014, Jowett filed a new complaint against SMBD and Scruggs in the Chancery Court of Jackson County, alleging breach of contract, fraudulent concealment of settlement proceeds, and fraudulent conversion of settlement proceeds.  In this complaint, Jowett alleged that the Agreement provided that she should receive "as additional compensation, an amount equal to one-third of net fees received by [SMBD] for or on account of [OHL/HAVS cases]."  Jowett further alleged that sometime in 2013, she became aware of the settlement of additional OHL/HAVS cases.  She claimed that she was entitled to a percentage of the proceeds of those cases.

¶7.     In addition, Jowett alleged that Scruggs had fraudulently concealed the existence of these additional OHL/HAVS settlements by, inter alia, transferring the cases to a new law firm in Oxford after he had closed the SMDB office in Pascagoula.  Jowett alleged that she discovered the settlements only by happenstance.

3

¶8. SMBD and Scruggs asserted the doctrine of res judicata as an affirmative defense to Jowett's complaint. In a subsequent motion for summary judgment, SMBD and Scruggs argued that the final judgment in Jowett's prior lawsuit barred all her claims in the new complaint. Jowett filed a response to the defendants' motion for summary judgment and also filed a cross-motion for summary judgment.

¶9. Following a series of delays and proceedings not relevant to the issues in this appeal, the chancellor granted the defendants' motion for summary judgment based on the doctrine of res judicata. The chancellor stated that he had thoroughly reviewed the record from Jowett's prior lawsuit, including the pleadings, the prior chancellor's findings of fact and conclusions of law, and this Court's decision in that case.[1] The chancellor then concluded the "four identities" of res judicata existed between the former suit and the present suit, citing *Rodgers v. Moore*, 101 So. 3d 189, 193 (¶10) (Miss. Ct. App. 2012). Therefore, the chancellor held that res judicata applied and barred Jowett's claims in the present suit. Accordingly, the chancellor granted the defendants' motion for summary judgment and denied Jowett's cross-motion for summary judgment.

¶10. On appeal, Jowett argues that the chancellor erred by holding that res judicata bars her claims. However, we hold that the chancellor properly granted summary judgment based on the doctrine of res judicata.[2]

---

[1] The chancellor who decided this case was not the same chancellor who decided Jowett's prior lawsuit.

[2] Jowett also argues that the chancellor erred by denying her cross-motion for summary judgment. However, because the doctrine of res judicata bars all Jowett's claims, it is unnecessary to address her cross-motion for summary judgment.

**ANALYSIS**

¶11.    "The doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Hill v. Carroll County*, 17 So. 3d 1081, 1084 (¶8) (Miss. 2009) (quoting *Anderson v. LaVere*, 895 So. 2d 828, 832 (¶10) (Miss. 2004)). "This includes claims that were made or should have been made in the prior suit." *Id.* (quoting *Anderson*, 895 So. 2d at 832 (¶10)). "[T]he doctrine of res judicata has two primary functions": "bar" and "merger." *Id.* The "bar" principle "precludes claims [that] were actually litigated in a previous action." The "merger" principle "prevents subsequent litigation of any claim that should have been litigated in a previous action." *Id.* at 1084-85 (¶9).

¶12.    "[F]our identities" must "be present before [res judicata] applies: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* at 1085 (¶10). The doctrine does not apply if any one of these four identities is absent. *Id.* But if all four identities are present, "any claims that could have been brought in the prior action are barred." *Id.* We review de novo an order granting summary judgment on the basis of res judicata. *Id.* at 1084 (¶7).

**1.    Identity of the Subject Matter of the Action**

¶13.    "Res judicata bars a second action between the same parties on the same subject matter directly involved in the prior action." *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 232 (¶26) (Miss. 2005). "Subject matter" may also be referred to as the "substance" of the suit. *Id.* Here, the first action dealt directly with the Agreement between

5

Jowett and SMBD and Jowett's claims for compensation owed under that contract. The same can be said for the present action.

¶14. Jowett argues that there is no identity of subject matter because the first action did not decide her claim to fees from OHL/HAVS cases but only determined the valuation of her shares in the firm and "pertain[ed] to all cases handled by the firm." However, Jowett's complaint filed in the first chancery action specifically asserted claims to proceeds from OHL/HAVS settlements and judgments. In her prior lawsuit, Jowett alleged that Scruggs and SMLBD made intentionally fraudulent misrepresentations, "[s]pecifically, defendant Scruggs and SMLBD represented that plaintiff Jowett would receive, as additional compensation, an amount equal to one-third of net fees received by SMLBD for and on account of claims being pursued for clients with *noise induced hearing loss and/or hand arm vibration syndrome*." (Emphasis added). She further alleged that "SMLBD and . . . Scruggs . . . never intended to pay [her] one-third of net fees received on the aforesaid cases," and she sought to recover a percentage of the fees earned in those cases.

¶15. Jowett's 2014 complaint in the present suit again alleged that she was due "an amount equal to one third (1/3) of net fees received by [SMLBD/SMBD] for or on account of claims being pursed for clients with noise induced hearing loss and/or hand arm vibration syndrome." Jowett again alleges that SMBD and Scruggs are or should be legally obligated to pay her such fees. There is little difference in the relevant allegations in the two cases.

¶16. Moreover, Jowett's 1999 complaint specifically asserted claims to proceeds from OHL/HAVS cases that would be "settled in the future." However, the chancellor in the first

action specifically "found that the '[1997 Agreement] between Jowett and Scruggs/SMLBD 'was intended to sever all ties between Jowett and SMLBD' except for what was necessary to value her shares in the firm." *Jowett*, 901 So. 2d at 642 (¶19). On appeal, this Court affirmed and further held that "Jowett would have no right after termination to share in fees that were not yet collected on the date of her termination." *Id.* at 644 (¶30). Jowett's first lawsuit and the present lawsuit clearly involve the same "subject matter." Therefore, the chancellor did not err by concluding that the first "identity" of res judicata is present.

## 2. Identity of Cause of Action

¶17. The Mississippi Supreme Court "has defined 'cause of action' as the underlying facts and circumstances upon which a claim has been brought." *Hill*, 17 So. 3d at 1085 (¶13). We take a "transactional approach" to this issue, focusing more on "the factual and transactional relationship between the original action and the subsequent action" than the particular claims or legal theories asserted in the two cases. *Id.* at 1086 (¶15). In *Hill*, our Supreme Court adopted the following explanation of this identity:

> [C]auses of actions are the same if they arise from the same "transaction"; whether they are products of the same "transaction" is to be determined by "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

*Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 130 n.12 (1983) (quoting Restatement (2d) of Judgments § 24 (1982))).

¶18. Jowett argues that her first lawsuit involved a different "cause of action" because it "did not litigate [her] ongoing entitlement to OHL/HAVS proceeds." However, the first

7

action arose from the same transactions—that is, the 1997 Agreement between Jowett and SMLBD and her subsequent termination from the firm. Moreover, as explained above, Jowett *did* allege that she was entitled to proceeds from future settlements, and she sought to recover on that basis. Accordingly, the chancellor did not err by concluding that the second identity of res judicata is present.

### 3. Identity of the Parties to the Cause of Action

¶19. "Although identity of the parties is a necessary element of res judicata, [the Mississippi Supreme] Court repeatedly has held that strict identity of parties is not necessary for either res judicata or collateral estoppel to apply . . . ." *EMC Mortg. Corp. v. Carmichael*, 17 So. 3d 1087, 1090-91 (¶13) (Miss. 2009) (quotation marks omitted). A defendant who was not a party to the original action "can assert res judicata so long as it is in 'privity' with a named defendant" in the original action. *Harrison*, 891 So. 2d at 236-37 (¶37) (quoting *Russell v. SunAmerica Secs. Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992)). Jowett argues that this identity is not present because—although Scruggs was a defendant in both lawsuits—SMBD is the "successor corporation" to SMLBD (the law firm named as a defendant in the original complaint). Jowett's argument is without merit. As noted above, SMBD was formed as the successor to SMLBD following Jowett's termination. SMBD's status as the successor to SMLBD clearly places it "in privity" with SMLBD and satisfies this identity of res judicata. *See, e.g.*, *EMC Mortg. Corp.*, 17 So. 3d at 1091 (¶14) (holding that a mortgagor that was the "successor in interest" under the plaintiff's promissory note and deed of trust was "unquestionably 'in privity' with" the prior holder of the same note and

8

deed of trust).

### 4. Identity of the Quality or Character of a Party against whom the Claim is Made

¶20. The Mississippi Supreme Court "has not explicitly defined the identity of the quality or character of a person against whom the claim is made" but has noted that "examples of this identity and its application exist." *Hill*, 17 So. 3d at 1086-87 (¶18). In *EMC Mortgage Corp.*, the Court held that it was "obvious" that this identity was present because the named defendant in the first action—the original holder of the plaintiff's promissory note and deed of trust—and the named defendant in the second action—the successor in interest under the same note and deed of trust—were "both mortgage lenders." *EMC Mortg. Corp.*, 17 So. 3d at 1091 (¶15). Likewise, in this case, SMBD is the successor entity to SMLBD. In the first action, Jowett sought to recover from SMLBD for fees allegedly due under the 1997 Agreement, and in the instant lawsuit she seeks to recover from SMBD for fees allegedly due to her under the same Agreement. As in *EMC Mortgage Corp.*, it is "obvious that the 'quality and character' of [SMBD] and [SMLBD] are the same for res judicata purposes." *Id.* Accordingly, the chancellor did not err by concluding that the fourth identity of res judicata is also present.

### CONCLUSION

¶21. Because the four identities of res judicata are present, the chancellor properly granted the defendants' motion for summary judgment. *Hill*, 17 So. 3d at 1085 (¶10) ("[O]nce the four identities of res judicata have been established, any claims that could have been brought in the prior action are barred."). Therefore, we affirm the grant of summary judgment in

9

favor of the defendants.

¶22.    **AFFIRMED.**

      **BARNES, C.J., CARLTON, P.J., GREENLEE AND EMFINGER, JJ., CONCUR.  WESTBROOKS AND McDONALD, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  LAWRENCE, McCARTY AND SMITH, JJ., NOT PARTICIPATING.**