944 So.2d 79 (2006)
Timothy L. FULKS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01673-COA.
Court of Appeals of Mississippi.
May 2, 2006.
Rehearing Denied September 12, 2006.
Certiorari Denied December 7, 2006.
*81 Mark Andrew Cliett, West Point, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
MYERS, P.J., for the Court.
¶ 1. Timothy L. Fulks was found guilty of transfer of a controlled substance in the Circuit Court of Clay County. Fulks was sentenced as a habitual offender which imposed a sentence of sixty years not to be reduced, suspended or eligible for probation or parole, in the custody of the Mississippi Department of Corrections, in accordance with Miss.Code Ann. § 41-29-147(Rev. 2004). Fulks was also fined two million dollars. Aggrieved by the ruling of the trial court, Fulks appeals raising the following five issues:
I. WHETHER OR NOT THE VERDICT WAS CONTRARY TO THE LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE SUBSTANTIVE EVIDENCE PRODUCED AT TRIAL.
II. WHETHER OR NOT THE COURT ERRED IN ALLOWING THE SUBSTANCE ALLEGED TO BE CRACK COCAINE TO BE ENTERED INTO EVIDENCE WITHOUT THE PROPER CHAIN OF CUSTODY HAVING BEEN ESTABLISHED.
III. WHETHER OR NOT THE REPRESENTATION OF FULKS BY HIS ATTORNEY OF RECORD AT THE TRIAL OF THIS MATTER WAS INEFFECTIVE.
IV. WHETHER OR NOT THE SENTENCE IMPOSED BY THE TRIAL COURT OF SIXTY YEARS WITHOUT THE POSSIBILITY OF PAROLE IS UNCONSTITUTIONALLY DISPROPORTIONATE AND EXCESSIVE IN VIEW OF FULKS' CONVICTION FOR SALE OF A SINGLE ROCK OF COCAINE.
V. WHETHER OR NOT THE CUMULATIVE EFFECT OF THE ERRORS AT TRIAL DENIED THIS DEFENDANT A FUNDAMENTALLY FAIR TRIAL AS GUARANTEED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.

FACTS
¶ 2. Roosevelt Purnell, a confidential informant working with the Mississippi Bureau of Narcotics, was wired with a video camera when he purchased crack cocaine from Fulks on July 10, 2002. Fulks was *82 indicted for the sale of a controlled substance. During the first trial, Purnell testified against Fulks. Fulks's attorney was allowed to cross-examine Purnell thoroughly. Fulks's first trial resulted in a mistrial as a result of a hung jury. Before the second trial began, Purnell died; therefore, he was unavailable to testify. Purnell's testimony from the first trial's transcript was read into evidence during the second trial. The second trial in July of 2004 resulted in Fulks being found guilty of the sale of a controlled substance and being sentenced as a habitual offender to serve sixty years in the custody of the Mississippi Department of Corrections and to pay two million dollars in fines.
I. WHETHER OR NOT THE VERDICT WAS CONTRARY TO THE LAW AND AGAINST THE OVERWHELMING WEIGHT OF THE SUBSTANTIVE EVIDENCE PRODUCED AT TRIAL.
¶ 3. Fulks argues that his guilty verdict was contrary to the evidence produced at trial. Fulks asserts that his entire case turned upon the credibility of the confidential informant, Roosevelt Purnell. Fulks argues that Purnell's testimony from the previous trial should not have been allowed into evidence, because Fulks was not able to cross-examine Purnell and the jury was unable to observe Purnell's demeanor.
¶ 4. When evaluating a motion for new trial we view the evidence in the light most favorable to the verdict and will only grant a new trial in exceptional cases where the evidence preponderates heavily against the verdict. Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). The verdict will stand unless by allowing this would sanction an unconstitutional injustice. Id. Fulks's assertion is essentially regarding the admittance of Purnell's testimony into evidence. Therefore, the trial judge possesses a great deal of discretion as to the relevancy and admissibility of evidence. Farmer v. State, 770 So.2d 953, 958 (¶ 14) (Miss.2000). This Court will not reverse the judge's ruling unless he abuses his discretion so as to be prejudicial to the accused. Id.
¶ 5. Rule 804(a)(4) of the Mississippi Rules of Evidence permits hearsay into evidence when the declarant is unavailable because of death. Rule 804(b)(1) goes further to state that former testimony of the unavailable witness may be read into evidence when that witness had been previously cross-examined. The prosecution has the burden of demonstrating that the witness is unavailable. Ohio v. Roberts, 448 U.S. 56, 74-74, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The State presented Shane Lamkin from the Mississippi Bureau of Narcotics to testify regarding the death of Purnell. The United States Supreme Court articulated a two-prong test in determining the admissibility of an unavailable witness; first, the prosecution must establish the declarant as unavailable, and second, once the first is established the statement must be accompanied by "idicia of reliablility." Id. at 65, 100 S.Ct. 2531. (quoting Mancusi v. Stubbs, 408 U.S. 204, 213, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972)). Purnell testified during the first trial where he was thoroughly cross-examined by Fulks's attorney. When the transcript of prior testimony of an unavailable witness reflects extensive cross-examination, the former testimony is admitted. De La Beckwith v. State, 707 So.2d 547, 604 (¶ 233) (Miss.1997). The judge did not abuse his discretion in allowing this evidence under this hearsay exception.
II. WHETHER OR NOT THE COURT ERRED IN ALLOWING THE SUBSTANCE ALLEGED TO BE CRACK COCAINE TO BE ENTERED *83 INTO EVIDENCE WITHOUT THE PROPER CHAIN OF CUSTODY HAVING BEEN ESTABLISHED.
¶ 6. Fulks argues that the trial court erred in allowing the crack cocaine to be admitted into evidence, because Purnell was not there to testify to the chain of custody. However, Purnell's testimony from the previous trial was read into evidence, and Fulks was allowed to fully cross-examine him.
¶ 7. The standard of review of admission of evidence is abuse of discretion. Robinson v. State, 758 So.2d 480, 488 (¶ 31) (Miss.Ct.App.2000). The judge is empowered to determine which evidence is admissible and unless his discretion is abused and has a prejudicial effect on the accused, then the ruling of the lower court is affirmed. Francis v. State, 791 So.2d 904, 907 (¶ 7) (Miss.Ct.App.2001).
¶ 8. The proper test to determine whether or not there has been a showing of the proper chain of custody of the evidence is whether there is a reasonable inference of likely tampering with the evidence. Williams v. State, 794 So.2d 181, 184 (¶ 10) (Miss.2001). The State must satisfy the trial court that there is no reasonable inference of tampering with evidence, but this state's law has never required the proponent of the evidence to produce every handler in order to prove chain of custody. Butler v. State, 592 So.2d 983, 985 (Miss.1991). However, Fulks has the burden of producing evidence that the chain of custody has been broken. Hemphill v. State, 566 So.2d 207, 208 (Miss.1990). Fulks asserts that since Purnell is not present to testify then the chain of custody is not satisfied, but Purnell's testimony from the first trial was read into evidence along with the cross-examination by Fulks's attorney. Fulks has failed to prove a break in the chain of custody in this case, which requires more than mere possibilities. Spann v. State, 771 So.2d 883, 894 (¶ 26) (Miss.2000).
III. WHETHER OR NOT THE REPRESENTATION OF FULKS BY HIS ATTORNEY OF RECORD AT THE TRIAL OF THIS MATTER WAS INEFFECTIVE.
¶ 9. In order to prove ineffective assistance of counsel, Fulks must prove by a preponderance of the evidence that (1) counsel's performance was defective, and (2) the defect was so prejudicial that it prevented Fulks from receiving a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Moody v. State, 644 So.2d 451, 456 (Miss.1994). The proper standard that is required to show prejudice requires Fulks to prove that there is a reasonable probability that, but for counsel's errors, the trial court's result would have been different. Strickland, 466 U.S. at 669, 104 S.Ct. 2052. In order to successfully claim ineffective assistance of counsel, the defendant must meet the two-pronged test set forth in Strickland. Id. at 687, 104 S.Ct. 2052. The Strickland test requires a showing of (1) a deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The burden is on Fulks to prove both prongs of the test. Id.
¶ 10. Fulks argues that his attorney failing to renew his motion for directed verdict at the close of all the evidence resulted in ineffective assistance of counsel. However, it was not ineffective assistance of counsel for Fulks's attorney to fail to move the trial court for a directed verdict at the close of all the evidence, because Fulks's attorney did file a post-trial motion for JNOV or, in the alternative, for a new trial. Simon v. State, 857 So.2d 668, 689 (¶ 56) (Miss.2003).
*84 ¶ 11. Fulks has failed to meet the two-prong test set out in Strickland. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. Fulks has the burden of proof for the first prong and "there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Id. at 689, 104 S.Ct. 2052. Fulks still has the burden of proof under the second prong even if counsel's conduct is "professionally unreasonable," and the judgment still stands "if the error had no effect on the judgment." Id. at 691, 104 S.Ct. 2052. Fulks has not met this heavy burden by showing any evidence that results in a deficiency in counsel's performance and that is sufficient to prejudice the defense. Id. Fulks was entitled to a fair trial, not a perfect one, nor was he entitled to a constitutionally errorless counsel. Cabello v. State, 524 So.2d 313, 315 (Miss.1988). This issue is without merit.
¶ 12. Although we find Fulks's issue regarding ineffective assistance of counsel to be meritless, we are mindful of the Mississippi Supreme Court's ruling in Read v. State. 430 So.2d 832, 841 (Miss.1983). This procedure requires us to do the following:
[C]onduct a thorough review of the record to see whether a determination can be made from the record that counsel's performance was constitutionally substandard. "Assuming that the Court is unable to conclude from the record that defendant's trial counsel was constitutionally ineffective," the court is directed to consider any other issues raised in the appeal and, assuming no reversible error is found among them, to affirm "without prejudice to the defendant's right to raise the ineffective assistance of counsel issue via appropriate post-conviction relief proceedings."
Wash v. State, 807 So.2d 452, 461 (¶ 34) (Miss.Ct.App.2001) (quoting Read, 430 So.2d at 841). We have also held in this regard:
We should reach the merits on an ineffective assistance of counsel issue on direct appeal only if "(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Colenburg v. State, 735 So.2d 1099, 1101 (Miss.Ct.App.1999). If the issue is not examined because of the state of the record, and assuming the conviction is affirmed, the defendant may raise the ineffective assistance of counsel issue in post-conviction relief proceedings. Read, 430 So.2d at 841.
Pittman v. State, 836 So.2d 779, 787 (¶ 39) (Miss.Ct.App.2002).
Since the record was not clear in order to determine whether Fulks's counsel was deficient, this issue is affirmed without prejudice so that Fulks may pursue this matter under the post-conviction relief statute.
IV. WHETHER OR NOT THE SENTENCE IMPOSED BY THE TRIAL COURT OF SIXTY YEARS WITHOUT THE POSSIBILITY OF PAROLE IS UNCONSTITUTIONALLY DISPROPORTIONATE AND EXCESSIVE IN VIEW OF FULKS' CONVICTION FOR SALE OF A SINGLE ROCK OF COCAINE.
¶ 13. Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute. Nichols v. State, 826 So.2d 1288, 1290 (¶ 10) (Miss.2002). A sentence that does not exceed the maximum term set by statute cannot be disturbed upon appeal. Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
*85 ¶ 14. Fulks made no objection to his sentence in the trial court, and objections to sentence cannot be made initially on appeal. Peterson v. State, 740 So.2d 940, 950 (¶ 30) (Miss.Ct.App.1999). Since Fulks did not object to his sentence as being unconstitutional in the trial court, he is procedurally barred from raising this allegation on appeal. Reed v. State, 536 So.2d 1336, 1339 (Miss.1988); Billiot v. State, 454 So.2d 445, 455 (Miss.1984); Taylor v. State, 452 So.2d 441, 450 (Miss.1984).
¶ 15. Regardless of the procedural bar, Fulks was sentenced under Mississippi Code Annotated § 41-29-139(b)(1) (Rev. 2005) which states:
In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana, and except a first offender as defined in section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana, such person may upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00) or both.
¶ 16. Cocaine is a Schedule II controlled substance under Mississippi Code Annotated. § 41-29-115(a). Fulks had two previous felonies, one for burglary of a building and the other for the sale of cocaine. Therefore, Fulks was sentenced as a habitual offender in accordance with Mississippi Code Annotated § 41-29-147 and § 99-19-81. Therefore, the trial court sentenced Fulks to sixty years to serve in the custody of the Mississippi Department of Corrections and a two million dollar fine.
¶ 17. The supreme court has held that a sentence which does not exceed statutory limits is not cruel or unusual punishment. Baker v. State, 394 So.2d 1376, 1378 (Miss.1981). In Stromas v. State, the Mississippi Supreme Court has ruled that "[d]rug offenses are very serious and the public has expressed grave concern with the drug problem. The legislature has responded in kind with stiff penalties for drug offenders. It is the legislatures prerogative and not this Court's to set the length of sentences." Stromas v. State, 618 So.2d 116, 123 (Miss.1993).
¶ 18. When the trial judge imposes a sentence within the statutory guideline, the sentence will generally be upheld and will not be thought to invoke the Eighth Amendment right against cruel and unusual punishment. Peterson v. State, 740 So.2d 940, 950 (¶ 31) (Miss.Ct.App.1999).
V. WHETHER OR NOT THE CUMULATIVE EFFECT OF THE ERRORS AT TRIAL DENIED THIS DEFENDANT A FUNDAMENTALLY FAIR TRIAL AS GUARANTEED BY THE UNITED STATES AND MISSISSIPPI CONSTITUTIONS.
¶ 19. Fulks argues cumulative errors by the trial court denied him a fair trial. We have found no errors occurred in this case. Where there is no error as to any part, there can be no reversible error as a whole. See McFee v. State, 511 So.2d 130, 136 (Miss.1987).
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF SIXTY YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF TWO MILLION DOLLARS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
*86 KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.