IRVING, P.J.,
for the Court:
¶ 1. On July 16, 2010, Larry Hymes filed suit in the Washington County Circuit Court against the State of Mississippi (the State), alleging that he was wrongfully convicted and imprisoned and that he is entitled to compensation as a result. On October 31, 2011, after a bench trial, the circuit court determined that Hymes had not proven that he was wrongfully convicted and imprisoned. Feeling aggrieved, Hymes appeals and presents several issues for review, which we have recast for clarity: (1) whether Mississippi Code Annotat *941 ed section ll-44r-7(l) (Rev.2012) is constitutional, (2) whether Hymes was entitled to a jury trial in his wrongful-conviction case, (3) whether the circuit court erred during the wrongful-conviction trial in admitting Clarence Pearson’s previous testimony and in finding that Hymes possessed marijuana and a firearm, and (4) whether Hymes is entitled to compensation for wrongful conviction on an alternative basis.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On August 27, 1990, a grand jury indicted Hymes for possession of marijuana with intent to sell or distribute and possession of a firearm by a convicted felon. During Hymes’s criminal trial, Pearson, Hymes’s codefendant, testified that he and Hymes had traveled to Houston, Texas, to buy marijuana. They intended to bring the marijuana that they purchased in Texas back to Mississippi to sell. Hymes had postponed the trip for approximately two days in order to get the money for the drug purchase together. Pearson and Hymes went to Texas in Pearson’s vehicle. Once they purchased the marijuana, Pearson and Hymes purchased building materials to disguise the marijuana. According to Pearson, he and Hymes cut a hole in several pieces of sheetrock, rolled the packages of marijuana that they had purchased, and placed them in the hole. Hymes and Pearson alternated driving back to Mississippi. Once they crossed the Mississippi River Bridge, law enforcement officials stopped Pearson’s vehicle. When law enforcement officials searched the vehicle, they found the marijuana.
¶ 4. Pearson admitted at the scene that some of the marijuana belonged to him. He did not inform law enforcement that most of the marijuana belonged to Hymes until later. Hymes never acknowledged ownership of the marijuana. Law enforcement also found a .22-caliber handgun inside Hymes’s luggage. Hymes admitted that the handgun belonged to him but insisted that the gun was inoperable.
¶ 5. As a result of Pearson’s arrest, authorities revoked his parole related to a previous charge. Pearson testified against Hymes but stated that he did not receive any special treatment in exchange for his testimony. Prior to Hymes’s trial for compensation, the State noted that it had dropped the drug-related charges against Pearson, and he was released from prison approximately one week after he testified at Hymes’s criminal trial.
¶ 6. The jury convicted Hymes of possession of marijuana with the intent to sell or distribute and of the unlawful possession of a firearm by a convicted felon. The circuit court sentenced Hymes to thirty years on the marijuana charge and five years on the firearm charge, to be served consecutively. The Mississippi Supreme Court affirmed Hymes’s conviction and sentence in 1995. Subsequently, Hymes filed a petition for post-conviction relief alleging that he received ineffective assistance of counsel. After an evidentiary hearing, the circuit court set aside Hymes’s conviction and ordered a new trial.
¶ 7. The State decided not to pursue a new trial and requested that the case be passed to the inactive files. The circuit court granted the State’s request, and Hymes was released from prison on August 4, 2000.
¶ 8. Hymes filed a civil action in the circuit court, alleging that he had been wrongfully convicted and imprisoned and was entitled to compensation. At Hymes’s civil trial, the State introduced Pearson’s prior testimony. The parties stipulated that Pearson was unavailable to testify as *942 defined by the Mississippi Rules of Civil Procedure, as Pearson had been diagnosed with severe dementia. Hymes submitted a motion in limine to prevent the use of Pearson’s prior testimony. The circuit court initially reserved its ruling on the motion in limine, but ultimately allowed the State to use Pearson’s prior testimony. After analyzing the evidence submitted in the civil action, the court determined that Hymes had failed to prove by a preponderance of the evidence that he was not guilty of possession of marijuana with intent to sell or distribute or the unlawful possession of a firearm by a convicted felon.
¶9. Additional facts, as necessary, will be related in our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

I. Constitutionality of Section 11-Jk-7(1)

¶ 10. Hymes contends that section 11-44-7(1) is unconstitutional because the statute shifts the burden to the accused to prove his innocence and violates the doctrine of collateral estoppel. Hymes admits that he did not raise this issue at trial. “The general rule is that [appellate courts] will not address issues raised for the first time on appeal, particularly where constitutional questions are concerned.” 5K Farms Inc. v. Miss. Dep’t of Revenue, 94 So.3d 221, 224 (¶ 12) (Miss.2012). Thus, because Hymes failed to raise this issue in the circuit court, it is procedurally barred.
¶ 11. Procedural bar notwithstanding, Hymes’s claim is also without merit. Our supreme court has stated:
When addressing a statute’s constitutionality, [appellate courts] apply a de novo standard of review, bearing in mind (1) the strong presumption of constitutionality; (2) the challenging party’s burden to prove the statute is unconstitutional beyond a reasonable doubt; and (3) all doubts are resolved in favor of a statute’s validity.
Johnson v. Sysco Food Servs., 86 So.3d 242, 243-44 (¶ 3) (Miss.2012) (footnotes omitted).
¶ 12. Section 11-44-7(1) states that in order to obtain compensation for wrongful conviction and imprisonment, the claimant must prove by a preponderance of the evidence that
(a) He was convicted of one or more felonies and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and
(i) He has been pardoned for the felony or felonies for which he was sentenced and which are the grounds for the complaint and the pardon is based on the innocence of the claimant which must be affirmatively stated in the pardon; or
(ii) His judgment of conviction was reversed or vacated; and
1. The accusatory instrument was dismissed or nol prossed; or
2. If a new trial was ordered, he was found not guilty at the new trial; and
(b) He did not commit the felony or felonies for which he was sentenced and which are the grounds for the complaint, or the acts or omissions for which he was sentenced did not constitute a felony; and
(c) He did not commit or suborn perjury, or fabricate evidence to bring about his conviction.
According to Hymes, section 11-44-7(1) is unconstitutional for two reasons: (1) the statute shifts the burden to the defendant-turned-plaintiff to prove his innocence; *943 and (2) the statute violates the doctrine of collateral estoppel.
¶ 13. Regarding the presumption of innocence, Hymes confuses the State’s burden in a criminal trial with its burden in his civil trial. In a criminal trial, the individual that the State has accused of wrongdoing is entitled to a presumption of innocence until the State proves his guilt beyond a reasonable doubt. Thus, Hymes, during his criminal trial, was entitled to the presumption of innocence “until the [State] prove[d] beyond a reasonable doubt each element of the offense charged.” Stewart v. The Miss. Bar, 84 So.3d 9, 13 (¶ 12) (Miss.2011) (quoting Clark v. Arizona, 548 U.S. 735, 766, 126 S.Ct. 2709, 165 L.Ed.2d 842 (2006)). However, in his trial for compensation, which is civil in nature, Hymes was no longer entitled to that presumption. During the civil trial, it was Hymes’s burden to prove his innocence by a preponderance of the evidence. Allowing Hymes to retain the presumption of innocence throughout his civil trial would absolve him from proving an essential element of his claim against the State — his innocence.
¶ 14. The doctrine of collateral estoppel “precludes parties from relitigat-ing issues that are actually litigated, determined by, and essential to the judgment in a former action, even though a different cause of action is the subject of the subsequent action.” Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc., 84 So.3d 32, 45 (¶ 49) (Miss.Ct.App.2012) (quoting Richardson v. Audubon Ins. Co., 948 So.2d 445, 449-50 (¶ 14) (Miss.Ct.App.2006)). The former action here is Hymes’s criminal trial, in which a jury determined that he was guilty. However, as Hymes’s conviction was subsequently reversed, there were no previous final judgments on any issues that Hymes raised during his trial for compensation. As such, the doctrine of collateral estoppel is inapplicable.
¶ 15. Consequently, we find that Hymes has failed to demonstrate that the wrongful-conviction statute is unconstitutional. Accordingly, this issue is without merit.

II. Right to Jury Trial

¶ 16. Hymes argues that he was entitled to have his civil case tried in front of a jury. After reviewing the record, we note that Hymes failed to request a jury trial in circuit court. As such, this issue is procedurally barred. Glasper v. State, 914 So.2d 708, 721 (¶ 30) (Miss.2005). Procedural bar aside, this issue is also without merit. Article 3, Section 31 of the Mississippi Constitution states, “The right of trial by jury shall remain inviolate, but the legislature may, by enactment, provide that in all civil suits tried in the circuit and chancery court, nine or more jurors may agree on the verdict and return it as the verdict of the jury.”
¶ 17. However, our supreme court has stated that while Section 31 grants an individual the right to a trial by a jury, that right “applies only to those cases in which a jury trial was necessary at common law.” Wells v. Panola Cnty. Bd. of Educ., 645 So.2d 883, 898 (Miss.1994). At common law, sovereign immunity prevented citizens from suing the State. Id. Therefore, following the holding in Wells, Hymes was not entitled to a jury trial in his wrongful-conviction ease. Accordingly, this issue is without merit.

III. Wrongful-Conviction Trial

¶ 18. Hymes asserts that the circuit court erred in multiple areas during his trial for compensation. It is well settled that “[a] circuit court ... sitting without a jury is accorded the same deference with regard to his findings as a chancellor, and his findings are safe on appeal where *944 they are supported by substantial, credible, and reasonable evidence.” Setzer v. State, 54 So.3d 226, 230 (¶ 15) (Miss.2011) (quoting Trinity Mission Health & Rehab of Holly Springs, LLC v. Lawrence, 19 So.3d 647, 649 (¶ 4) (Miss.2009)). Hymes contends that there is no substantial evidence to support the circuit court’s decisions to admit Pearson’s testimony from Hymes’s criminal trial, to find that he was in possession of marijuana, or to find that he possessed a firearm.

a. Pearson’s Testimony

¶ 19. Although Pearson testified at Hymes’s criminal trial, Pearson was not available to testify at Hymes’s trial for compensation. However, the State submitted into evidence Pearson’s prior testimony from Hymes’s criminal trial. Hymes argues that the circuit court erred in admitting Pearson’s prior testimony because Hymes had ineffective counsel during the criminal trial, which indicates that the testimony is unreliable; that Pearson’s testimony is contradictory and self-serving; that the copy of Pearson’s testimony was not authentic; and that Hymes’s civil attorney would have cross-examined Pearson more thoroughly than his criminal attorney.
¶ 20. Hymes’s primary issue with Pearson’s prior testimony is its reliability. Mississippi Rule of Evidence 804(a)(4) provides that a witness is unavailable if he “[i]s unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity[.]” Further, Mississippi Rule of Evidence 804(b)(1) allows the former testimony of an unavailable witness to be read into evidence if that witness has been previously cross-examined. This Court has recognized and applied the United States Supreme Court’s two-prong test to determine the admissibility of an unavailable witness’s testimony: “[F]irst, the prosecution must establish the declar-ant as unavailable, and second, once the first is established^] the statement must be accompanied by indicia of [reliability].” Fulks v. State, 944 So.2d 79, 84 (¶ 5) (Miss.Ct.App.2006) (internal quotations omitted).
¶ 21. Here, Pearson testified during Hymes’s criminal trial and was throughly cross-examined by Hymes’s trial attorney, who asked sufficient questions to challenge Pearson’s credibility and his motive for testifying against Hymes. Hymes’s trial attorney also established the inconsistencies in Pearson’s statements to law enforcement officers. When Hymes appealed his conviction alleging specific instances of ineffective assistance of counsel, he never alleged that his counsel had been deficient in questioning Pearson. Traditionally, in the absence of an objection to counsel’s performance, counsel is presumed competent. Goodin v. State, 102 So.3d 1102, 1117 (¶ 45) (Miss.2012). Therefore, without an objection to his criminal attorney’s cross-examination of Pearson, we cannot say that Hymes’s attorney was deficient in this respect.
¶ 22. Hymes’s additional challenges to Pearson’s testimony are without merit. While Hymes asserts that Pearson’s testimony was self-serving and contradictory, it is within the province of the jury to decide which witnesses are credible and to resolve the conflicts in the testimony that they hear. Jones v. State, 920 So.2d 465, 472-73 (¶ 22) (Miss.2006). Also, contrary to Hymes’s contention that the copy of Pearson’s previous testimony is not authentic, the record shows that each page of the transcript was certified by the director of the Mississippi Department of Archives and History. While Hymes argues that the trial transcript should have come from the circuit clerk’s office, he *945 offers no support for the proposition that it is customary for clerks’ offices to retain 20-year-old trial transcripts. Lastly, Hymes’s contention — that his civil attorney would have conducted a more thorough cross-examination of Pearson during Hymes’s civil trial than his criminal attorney did at his criminal trial — fails, as Pearson had been diagnosed with severe dementia sometime before Hymes’s civil trial. Therefore, it is highly unlikely that Pearson would have remembered events from twenty years ago.
¶ 23. Accordingly, the circuit court did not err in admitting Pearson’s prior testimony. This issue is without merit.

b. Possession of Marijuana

¶ 24. The circuit court implicitly denied Hymes’s motion to suppress the marijuana recovered during the traffic stop. Hymes maintains that because the traffic stop was illegal, the circuit court erred in failing to suppress the marijuana. Hymes also argues that there is no substantial evidence to support the circuit court’s ruling that he possessed marijuana.
¶ 25. As a general rule, a police officer may initiate an investigatory traffic stop “as long as [the] officer has reasonable suspicion, grounded in specific and articulable facts, ... that the person stopped is, or is about to be[,] engaged in criminal activity.” Dies v. State, 926 So.2d 910, 918 (¶ 22) (Miss.2006) (quoting Floyd v. City of Crystal Springs, 749 So.2d 110, 114 (¶ 16) (Miss.1999)). Here, Trooper Donald McCain testified that after receiving information about drug trafficking, he and other officers went to the area where Hymes and Pearson were later arrested. When Pearson’s vehicle crossed the bridge, Trooper McCain followed the vehicle in an attempt to confirm that Pearson’s vehicle matched the suspected vehicle. During that time, Trooper McCain witnessed the vehicle cross the center line of the highway, drift back over to the shoulder, and then back towards the center line. Believing that the driver was either sleepy or intoxicated, Trooper McCain initiated the traffic stop.
¶ 26. Based on these facts, we find that the traffic stop was proper. Even though Hymes maintains that Trooper McCain detained the vehicle based solely on the information given to him earlier during the day, Trooper McCain clearly articulated that he stopped the vehicle to investigate whether the driver was impaired. After Trooper McCain detained the vehicle, Pearson informed him that he owned the vehicle and gave Trooper McCain consent to search the vehicle. Therefore, not only was the traffic stop proper, but the subsequent search of the vehicle was proper as well.
¶ 27. Regarding possession, it is well settled that “[p]ossession of a controlled substance may be actual or constructive!.]” Johnson v. State, 81 So.3d 1020, 1023 (¶ 7) (Miss.2011) (quoting Berry v. State, 652 So.2d 745, 748 (Miss.1995)). It is undisputed that at the time of the arrest, Hymes did not have actual possession of any marijuana. Thus, the State needed to demonstrate that Hymes had constructive possession of the marijuana found in Pearson’s vehicle. The Mississippi Supreme Court has stated that, in determining whether an individual had constructive possession of a controlled substance:
[TJhere must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.... Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.
*946 Hudson v. State, 30 So.3d 1199, 1203 (¶ 10) (Miss.2010) (quoting Dixon v. State, 953 So.2d 1108, 1112 (¶ 9) (Miss.2007)). In Hudson, the court also stated that “[t]o test whether the [State] met this standard of proof in individual cases, each case must be viewed in light of its individual facts and circumstances.” Id. at 1204 (¶ 11) (quoting Cunningham v. State, 583 So.2d 960, 962 (Miss.1991)).
¶ 28. Here, Hymes offered only his testimony as evidence that he did not own any of the marijuana recovered during the search of Pearson’s vehicle. In response, the State offered Pearson’s previous testimony during which Pearson stated that most of the marijuana belonged to Hymes. The circuit court also had circumstantial evidence to consider. For example, Hymes had made several trips to Texas prior to this trip and had obtained a Texas driver’s license. Additionally, law enforcement officials confiscated $4,091.83 from Hymes, which corroborated Pearson’s testimony that he and Hymes had planned to buy more marijuana than they ultimately purchased. The amount of cash recovered from Hymes also conflicted with Hymes’s testimony that he only made approximately $300 per week during his two- and-one-half-week stay in Texas.
¶ 29. Based on the record, Hymes failed to present sufficient evidence to demonstrate that he did not constructively possess any of the marijuana recovered from Pearson’s vehicle. The circuit court’s judgment was based on substantial evidence. Accordingly, this issue is without merit.
c. Possession of a Firearm
¶ 30. Hymes argues that the circuit court erred in finding that he had not demonstrated that he was not guilty of the unlawful possession of a firearm by a previously convicted felon. Hymes does not dispute that he is a previously convicted felon, and he does not deny that the firearm belonged to him. However, Hymes contends that he could not have been guilty of possessing a firearm because the firearm was inoperable.
¶ 31. Mississippi Code Annotated section 97-37-5(1) (Supp.2012) states that “[i]t shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm[.]” Additionally, Mississippi Code Annotated section 41-29-152(2) (Rev.2009) defines a firearm as “any weapon, including a starter gun, which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.” Here, Hymes failed to offer any evidence that the firearm could not be “readily converted to expel a projectile,” and section 97-37-5(1) does not require the State to prove that the weapon was operable at the time of the felon’s arrest. Accordingly, this issue is without merit.

IV. Alternative Argument

¶ 32. Hymes asserts that he would be entitled to compensation even if this Court were to decide that he failed to prove that he did not possess a weapon but succeeded in proving that he did not possess marijuana. It is true that the nature of this case would allow Hymes to recover compensation from the State if he was successful on only one of his claims. However, as we have found that there is no merit to Hymes’s challenges on appeal and that there is substantial evidence to support the circuit court’s judgment denying Hymes compensation for wrongful conviction, this argument is without merit.
¶ 33. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*947 LEE, C.J., GRIFFIS, P.J., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ„ CONCUR. BARNES AND ROBERTS, JJ., CONCUR IN PART AND IN THE RESULT.