# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00153-COA

**FELTON MARTIN, JR. A/K/A FELTON MARTIN**    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**    **APPELLEE**

DATE OF JUDGMENT: 01/30/2015
TRIAL JUDGE: HON. WILLIAM A. GOWAN JR.
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT: DAVID NEIL MCCARTY
GRAHAM PATRICK CARNER
ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: WILSON DOUGLAS MINOR
JASON L. DAVIS
LEE DAVIS THAMES JR.
NATURE OF THE CASE: CIVIL - OTHER
TRIAL COURT DISPOSITION: JUDGMENT ENTERED IN FAVOR OF APPELLEE DENYING APPELLANT'S WRONGFUL-CONVICTION-RESTITUTION CLAIM
DISPOSITION: AFFIRMED - 11/08/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    This is an appeal from Hinds County Circuit Court's judgment in favor of the State of Mississippi, denying Felton Martin Jr.'s claim for compensation under Mississippi's wrongful-conviction and restitution statute. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2. On January 31, 1997, Martin was found guilty of constructive possession of marijuana with intent to distribute under Mississippi Code Annotated section 41-29-139(a)(1) (Supp. 2016). On September 6, 2001, the Mississippi Supreme Court reversed and rendered Martin's conviction, holding that the State failed to prove beyond a reasonable doubt that Martin constructively possessed the more than one-half pound of marijuana recovered at the scene by the police. *Martin v. State*, 804 So. 2d 967, 970 (¶¶12-14) (Miss. 2001) (Justice Smith, joined by Justices Waller and Easley, dissented). Martin served a total of five years and eleven days in prison.

¶3. On July 1, 2009, the Mississippi Legislature enacted the wrongful-conviction and restitution statute, which allows those convicted and subsequently exonerated to make a restitution claim when the convicted person has actually served a sentence. The statute allows the wrongfully convicted to recover if he proves that he was actually innocent by a preponderance of the evidence. Miss. Code Ann. § 11-44-7(1) (Rev. 2012). On June 27, 2012, Martin filed a restitution claim in Hinds County Circuit Court for his five years and eleven days in prison prior to his release. Pursuant to the statute, a one-day bench trial ensued on January 20, 2015.

¶4. At Martin's civil restitution trial, he testified that early on the Thursday morning of his arrest, he was at his home when Darrin Fox, with whom he had a falling out in the months prior, came to his house and asked Martin to look at a car Fox was considering purchasing. Martin testified that they went to look at the car, but that Fox did not purchase it. Martin testified that after looking at the car he went with Fox to the gas station and purchased a six-

pack of beer. While at the gas station, Martin testified that he received what he described as a "911" page requesting his mechanic services. Martin testified that instead of proceeding to the mechanic services requested by the page, he continued with Fox to his mother's residence. Martin testified that he went into the home to offer Fox's mother a beer. Martin admitted that he knew Fox's mother was not typically home during the day. Once inside the home, Martin testified that he opened a beer for himself and put the remaining beers in the refrigerator after having offered them to the other persons in the house. Martin testified that he arrived at the home no later than 10:30 a.m. that day.

¶5.　　Also, Martin proffered four witnesses, through their live testimony and their deposition testimony. All four witnesses were arrested with Martin at the subject home, and they all testified that Martin did not touch any marijuana, that the marijuana was not his, that he did not sell marijuana, that he did not buy marijuana, that he did not possess marijuana, that he did not cut marijuana that day, and that he was at the home anywhere from thirty seconds to four minutes prior to the police entering the home. Martin's own testimony reiterated these assertions. Further, Martin testified that, when the police entered the home, he was at the refrigerator and had just opened a beer, and not at the kitchen island where the marijuana was being cut and bagged.

¶6.　　Detective Richard Nations, Officer Preston Carter, and Officer Mike Cox, all of the Jackson Police Department on the day of Martin's arrest, testified on behalf of the State. Upon entering the home to execute a valid search warrant, Detective Nations proceeded to the kitchen while Officers Carter and Cox proceeded to the back of the house. Detective

Nations testified that upon entering the kitchen, he observed Martin standing at the kitchen island, with Martin's hand stretched out over a bowl filled with small packages of marijuana, and that it appeared to Detective Nations that Martin had either just put a package of marijuana in the bowl or was in the process of reaching into the bowl to grab a package of marijuana.

¶7.     Detective Nations, Officer Carter, and Officer Cox testified that they arrived at the house at 12:00 p.m. that day. Martin had testified that he arrived at the home no later than 10:30 a.m. that morning. Based on the testimony of Martin and his witnesses, the police would have arrived no later than 10:34 a.m. Neither Martin nor any of his witnesses offered any explanation for the eighty-six- to eighty-nine-and-one-half-minute discrepancy between their accounts of events that day and the testimony of all three officers of the time the officers arrived at the home.

¶8.     On January 30, 2015, the circuit court ruled in favor of the State and denied Martin's claim, finding that Martin did not meet his burden of proving his innocence by a preponderance of the evidence and that "Martin's behavior [did] not comport with actual innocence." That same day, Martin appealed the circuit court's decision to this Court.

## DISCUSSION

¶9.     The question on appeal is whether the circuit court erred when it found that Martin failed to prove by a preponderance of the evidence that he did not possess marijuana with intent to distribute. Section 11-44-7(1) provides that the *claimant* must prove by a preponderance of the evidence *that he did not commit* the felony for which he was convicted.

4

To prove a claim by a preponderance of the evidence, one must prove that his claim is more likely true than not true. *Hickman v. State ex rel. Miss. Dep't of Pub. Safety*, 592 So. 2d 44, 46 (Miss. 1991). The findings of a circuit-court judge sitting in a bench trial without a jury are reviewed under the same standard as a chancellor in that the reviewing court will not disturb the circuit court's findings unless they are manifestly wrong or clearly erroneous, or the court applied an erroneous legal standard. *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (¶4) (Miss. 2014).

## I. Possession of Marijuana with Intent to Distribute

¶10. On appeal, Martin asserts he did not possess marijuana with intent to distribute. "Possession of a controlled substance may be actual or constructive." *Hymes v. State*, 121 So. 3d 938, 945 (¶27) (Miss. Ct. App. 2013) (citing *Johnson v. State*, 81 So. 3d 1020, 1023 (¶27) (Miss. 2011)). "There must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Id*. (citing *Hudson v. State*, 30 So. 3d 1199, 1203 (¶10) (Miss. 2010)). Constructive possession is established when the defendant did not own the premises but was sufficiently tied to the drugs found there by placing himself in the midst of items implicating his participation in the processing of the substance. *Knight v. State*, 72 So. 3d 1056, 1063 (¶26) (Miss. 2011) (quoting *Dixon v. State*, 953 So. 2d 1108, 1113 (¶11) (Miss. 2007)).[1]

---

[1] *See also United States v. Mackey*, 249 Fed. App'x 420, 425 (6th Cir. 2007) ("The position of Mackey's outstretched hands near the marijuana, scales, and baggies suggests that he was handling and packaging marijuana just prior to the officers' entry[.]").

¶11. Martin admitted that he was voluntarily in a home in which marijuana was actually being cut and bagged for distribution. Further, Detective Nations testified that upon entry, he observed Martin at the kitchen island with his hand outstretched, hovering over the bowl of marijuana with packaged bags of marijuana in it, and that it appeared to Detective Nations that Martin had either just placed a package of marijuana in the bowl, or that he was reaching for a package of marijuana. Detective Nations further testified that there was another bowl on the island of loose marijuana along with scissors for cutting the marijuana.

## II. Witness Testimony

¶12. Witness testimony and a deposition statement that was admitted and read into the record were the only evidence considered at the restitution trial. "The trial judge has sole authority to determine the credibility of a witness when sitting as the trier of fact in a bench trial." *Matthews v. City of Madison*, 143 So. 3d 571, 573 (¶4) (Miss. 2014). "[The Court] will affirm a trial judge sitting without a jury on a question of fact unless substantial evidence shows the trial judge was manifestly wrong." *Id*.

¶13. The circuit court found issue with Martin testifying that he arrived at the house at 10:30 a.m. and was only there for a few minutes before police arrived, while the police did not execute the search warrant until 12:00 p.m. The court also found that it was inclined to believe Detective Nations when he testified that Martin and Fox were the only individuals in the kitchen when he entered, both were standing around the kitchen island, Fox had scissors and was cutting marijuana, and Martin was standing over a bowl of bagged marijuana and looked like he had either just placed a package of marijuana in it or was

6

reaching for a package of marijuana.

¶14.   In deciding Martin's restitution case, the trial judge found the State's witnesses, particularly Detective Nations, credible and Martin and his witnesses not credible. Findings of credibility are within a judge's sound discretion when sitting as the fact-finder. *Hymes*, 121 So. 3d at 944 (¶22) (citing *Jones v. State*, 920 So. 2d 465, 472-73 (¶22) (Miss. 2006)) ("It is within the province of the [fact-finder] to decide which witnesses are credible and to resolve the conflicts in the testimony that [it] hear[s]."). On review, we find no manifest error in the trial judge's weighing of the witnesses' testimony.

¶15.   Based on the record, we find Martin fails to present sufficient evidence to demonstrate that he, more likely than not, did not constructively possess any marijuana recovered from Fox's home. Therefore, we agree with the circuit-court judge that Martin failed to prove by a preponderance of the evidence that he was actually innocent and find Martin's claim is without merit.

**CONCLUSION**

¶16.   We affirm the Hinds County Circuit Court's judgment denying Martin's claim for wrongful-conviction restitution.

¶17.   **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS P.JJ., ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR.  BARNES, J., NOT PARTICIPATING.**